In the Matter of the Application of Louis H. Pink, Superintendent of Insurance of the State of New York, as Rehabilitator of Bond and Mortgage Guarantee Company, Appellant, for a Peremptory Order of Mandamus against John N. Harman, County Clerk of Kings County, Respondent.— Order denying appellant's motion for a peremptory order of mandamus directing respondent to file in his office, without the payment of any fee, a certain transcript of judgment affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Young, Adel and Taylor, JJ., concur; Lazansky, P. J., and Johnston, J., dissent upon the ground that the transcript of judgment is within the exemption of section 416 of the Insurance Law.

In the Matter of the Application of Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Consolidated Indemnity and Insurance Company, Appellant, for a Peremptory Order of Mandamus against Charles E. Ransom, County Clerk of the County of Nassau, Respondent.— Order denying appellant's motion for a peremptory order of mandamus directing respondent to file in his office, without the payment of fees therefor, a certain proposed judgment roll, affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Young, Carswell, Davis and Taylor, JJ., concur; Lazansky, P. J., dissents upon the ground that the proposed judgment roll is within the exemption of section 416 of the Insurance Law.

In the Matter of Eugene Rahill, Appellant, for Dissolution of His Marriage with Frances Rahill, Respondent, Pursuant to Section 7-a of Domestic Relations Law.— Upon appeal by petitioner from an order denying his application for a dissolution of his marriage pursuant to section 7-a of the Domestic Relations Law, the order is reversed on the law and the facts and the petition is granted, without costs. The court at Special Term denied petitioner's application upon the ground that the wife at the time she left petitioner took with her a five-year-old child of the marriage, and the evidence on the hearing did not account for the whereabouts of the child. We are of the opinion that the petitioner's testimony was sufficient upon which to base an order dissolving the marriage, notwithstanding his failure to account for the child. (*Frankish* v. *Frankish*, 206 App. Div. 301.) Carswell, Davis and Adel, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm on the ground that the efforts made by the petitioner to ascertain the whereabouts of his wife were far too superficial.